IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| Wake Energy, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EOG Resources, Inc.,<br><br>　　　　　　Defendant. | Case No. 25-cv-129 |

**ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Wake Energy, LLC ("Plaintiff"), for itself and all others similarly situated, files this Complaint against EOG Resources, Inc. (collectively "EOG" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

**SUMMARY**

1.　　This class action concerns EOG's ongoing violation of Wyoming law relating to EOG's failure to comply with the check stub reporting requirements under Wyoming law.

2.　　Wyoming statute requires EOG to provide a form of "check stub" that provides "on a regular monthly basis" certain information, including, *inter alia*, "[t]he owner's share of the total value of sales prior to any deductions," "the net value of total sales after deductions," and "[a]n itemized list of any [] deductions or adjustments" to the sales value. WYO. STAT. § 30-5-305(b).

3.　　In the event EOG fails to provide the statutorily required information on the check stub, EOG is "liable to the affected royalty, overriding royalty or other nonworking interest owner in the amount of one hundred ($100.00) per month that complete reporting is not provided to the interest owner." WYO. STAT. § 30-5-303(c).

4.  Upon information and belief, EOG has failed to provide all of the information required by Wyoming law.

5.  Plaintiff brings this class action to recover the $100.00 liability imposed by Wyoming law for failing to provide the information required on EOG's monthly check stubs.

## PARTIES

6.  Plaintiff Wake Energy, LLC, is an Oklahoma limited liability company with its principal place of business in Edmond, Oklahoma.

7.  EOG Resources, Inc., is a Delaware corporation with its principal place of business located in Houston, Texas.

8.  EOG owns and operates hundreds of oil and gas wells in the State of Wyoming.

9.  EOG may be served with process by serving its registered agent: C T Corporation System, 2232 Dell Range Blvd., Ste. 200, Cheyenne, WY 82009.

## JURISDICTION & VENUE

10. The preceding allegations are fully incorporated by reference.

11. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and EOG are citizens of different states.

12. This Court has personal jurisdiction over EOG because it has minimum contacts with this district related to the claims in this case.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred in this district.

## STATUTORY BACKGROUND

## THE WYOMING ROYALTY PAYMENT ACT

14. The preceding allegations are fully incorporated by reference.

2

15. Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

16. Like other top-producing states, Wyoming has enacted legislation that strictly governs oil and gas companies and how they pay and the form of how they report those payments to oil and gas owners.

17. The WRPA includes disclosure requirements on check stubs sent to certain owners. *See* WYO. STAT. § 30-5-305(b).

18. Upon information and belief, EOG fails to provide the information required by the WRPA on its monthly check stubs and is liable for $100.00 per check stub that failed to comply with the WRPA's information requirements. *See* WYO. STAT. § 30-5-303(c).

## FACTUAL ALLEGATIONS

19. The preceding allegations are fully incorporated by reference.

20. Plaintiff owns a royalty interest in oil and gas produced from the Windy 569-1002H well, which is located in Laramie County, Wyoming.

21. On or about March 25, 2020, Wake Energy, LLC executed an oil and gas lease to Wake Operating, LLC covering Section 2-13N-64W, Laramie County, Wyoming. Such lease is recorded in Book 2664 at Page 2500 and is attached hereto as **Exhibit 1**.

22. EOG operates the Windy 569-1002H well, which produces from Section 2-13N-64W, Laramie County, Wyoming, and remits royalty proceeds to Plaintiff.

23. Plaintiff's owner number with EOG is 363663.

24. Upon information and belief, EOG's check stubs to Plaintiff, specifically including the January 12, 2021, September 12, 2024, and May 12, 2025 check stubs, failed to provide the information required by the WRPA.

3

## CLASS ACTION ALLEGATIONS

25. The preceding allegations are fully incorporated by reference.

26. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities who own royalty, overriding royalty, or other nonworking interest owner interest and whose check stubs from EOG for Wyoming oil and gas wells did not provide all information required by Wyo. Stat. § 30-5-305(b).
>
> Excluded from the Class are: (1) EOG, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

27. Upon information and belief, there are thousands of absent Class members.

28. The Class is so numerous that joinder of all members is impracticable.

29. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class received check stubs that do not comply with the provisions of the WRPA.

30. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

31. EOG treated Plaintiff and the Class in the same way by failing to provide the information required by Wyo. Stat. § 30-5-305(b).

32. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

33. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

    b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to the check stub requirements of Wyo. Stat. § 30-5-305(b);

    c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

    d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

    e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of EOG, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to EOG.

## CAUSES OF ACTION

### Breach of Statutory Obligation to Provide Check Stub Information

35. The preceding allegations are incorporated by reference.

36. Plaintiff brings this cause of action on behalf of itself and the Class.

37. Plaintiff and the Class were legally entitled to receive check stubs that provide information as required by Wyo. Stat. § 30-5-305(b).

38. Upon information and belief, EOG failed to provide that required information to Plaintiff and the Class.

39. Under Wyo. Stat. § 30-5-303(c), EOG is liable to Plaintiff and the Class in the amount of $100.00 for each noncompliant check stub.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring EOG to pay Plaintiff and the Class' members damages for EOG's breaches and unlawful conduct to the full extent permitted by law;

3. An order requiring EOG to provide the required information by WYO. STAT. § 30-5-305(b) to Plaintiff and the Class;

4. An order requiring EOG to pay the Class' attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Dated this 21st day of May, 2025.

        Respectfully submitted,

By:  /s/ S. Gregory Thomas
      S. Gregory Thomas, WSB #5-2653
      THOMAS & THOMAS LLC
      316 S. Gillette Ave., Suite 200
      Gillette, WY 82716
      Telephone: 307.257.5298
      greg@tntlaw.org

***ATTORNEY FOR PLAINTIFF***